# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, MORAN, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist TYLER A. MCINTOSH**
**United States Army, Appellant**

ARMY 20120780

Headquarters, 101st Airborne Division (Air Assault) and Fort Campbell (trial)
Headquarters, Fort Campbell (action)
Timothy Grammel and Steven E. Walburn, Military Judges
Colonel Jeff A. Bovarnick, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain A. Jason Nef, JA; Captain Brian J. Sullivan, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Major Matthew T. Grady, JA (on brief).

29 May 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of knowingly and wrongfully distributing child pornography and two specifications of knowingly and wrongfully possessing child pornography, in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (2006). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. One of appellant's personal submissions raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) has merit. Appellant alleges, and we agree, that the government failed to prove that any of the offenses were prejudicial to good order

and discipline. Appellant's other assignments of error and *Grostefon* claims are without merit.

The government charged appellant with four violations of Article 134, UCMJ, alleging that appellant violated both Clause 1 and Clause 2 in all four specifications. *See Manual for Courts-Martial*, *United States* (2008 ed.), Part IV, ¶ 60.c.(1), (2), (3). As our superior court recently reiterated, "[t]he . . . clauses of Article 134 constitute '. . . distinct and separate parts.'" *United States v. Fosler*, 70 M.J. 225, 230 (C.A.A.F. 2011) (quoting *United States v. Frantz*, 2 U.S.C.M.A. 161, 163, 7 C.M.R. 37, 39 (1953)). It follows then that "[v]iolation of one clause does not necessarily lead to a violation of the other . . . ." *Id*. More specifically to the case before us, the court in *Fosler* went on to state that "disorders and neglects to the prejudice of good order and discipline" are not synonymous with "conduct of a nature to bring discredit upon the armed forces . . . ." *Id*.

Here, the government admitted no evidence tending to prove that appellant's conduct was prejudicial to good order and discipline. Therefore, on the record before us, we conclude that the evidence is legally and factually insufficient to sustain appellant's convictions for conduct in violation of Clause 1 of Article 134, UCMJ.

**CONCLUSION**

On consideration of the entire record, as well as those matters personally raised by appellant pursuant to *Grostefon*, the court affirms only so much of the finding of guilty of Specification 1 of The Charge as finds that appellant:

> did, on or about 7 June 2010, at or near Fort Campbell, Kentucky, knowingly and wrongfully distribute approximately 16 images of child pornography as defined in 18 U.S.C. §2256(8), which conduct was of a nature to bring discredit upon the armed forces.

The court affirms only so much of the finding of guilty of Specification 2 of The Charge as finds that appellant:

> did, on or about 2 July 2010, at or near Fort Campbell, Kentucky, knowingly and wrongfully distribute approximately 17 images of child pornography as defined in 18 U.S.C. §2256(8), which conduct was of a nature to bring discredit upon the armed forces.

The court affirms only so much of the finding of guilty of Specification 3 of The Charge as finds that appellant:

> did, on or about 10 August 2010, at or near Fort Campbell, Kentucky, knowingly and wrongfully possess approximately six images of child pornography as defined in 18 U.S.C. §2256(8), which conduct was of a nature to bring discredit upon the armed forces.

The court affirms only so much of the finding of guilty of the Specification of The Additional Charge as finds that appellant:

> did, on or about 10 August 2010, at or near Fort Campbell, Kentucky, knowingly and wrongfully possess two videos containing child pornography as defined in 18 U.S.C. §2256(8), which conduct was of a nature to bring discredit upon the armed forces.

The findings of guilty of The Charge and The Additional Charge are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2014) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3